IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY WOOLEY, | |
| Plaintiff, | No. CIV S-09-1707 DAD P |
| vs. | |
| M. MARTEL, et al., | ORDER AND |
| Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants violated his First Amendment rights when they retaliated against him for lodging a misconduct complaint.[1] Plaintiff claims that in retaliation for reporting alleged misconduct by correctional staff, his classification score was increased and he was subjected to a series of transfers to higher-security level prison facilities. Before the court is a motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed on behalf of defendants Fry and Sisto. Therein, counsel for defendants

---

[1] The court does not construe plaintiff's complaint to include a Fourteenth Amendment due process claim. Plaintiff's assertion that defendants interfered with his right to file a misconduct complaint by subjecting him to retaliation, states only a retaliation claim. Regarding any attempt by plaintiff to assert a due process claim, the court would note that prisoners enjoy no due process right to a specific prison grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

1

argues in conclusory fashion that the res judicata doctrine requires that this action be dismissed because plaintiff has previously litigated the issues presented in this lawsuit in a state habeas action which he pursued before bringing this suit. Plaintiff has opposed the motion. Despite the perfunctory nature of the moving papers, counsel for defendants elected not to file a reply.

**DEFENDANTS' MOTION TO DISMISS**

As noted, defendants Fry and Sisto argue that this action is barred because plaintiff previously litigated the same issues to final resolution on the merits in a habeas action he brought in the Amador County Superior Court. (MTD at 3.) Defendants contend that this court must apply the preclusion principles under California law which provide that collateral estoppel is invoked where two actions involve: (1) identical issues; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. (MTD at 3-4) (citing Younan v. Caruso, 51 Cal. App. 4th 401, 406-07 (1996)).

Defendants argue that the first prong of this test is satisfied because both plaintiff's state habeas action and this action raise a First Amendment retaliation claim and, possibly, a due process claim. (Id. at 4.) With respect to the second prong, defendants contend that the Amador County Superior Court denial of plaintiff's earlier habeas petition based on a failure of proof, is a decision on the merits. (Id.) (citing In re Clark, 5 Cal. 4th 750, 769-70 (1993) and Gage v. Tristan, 1997 WL 76178 (9th Cir. Nov. 19, 1996))[2]. (MTD at 4.) Defendants assert that after plaintiff's habeas petition raising these same claims was denied by the Superior Court, he "appealed to the Third District Court of Appeals, then the California Supreme Court, which also denied his petition." (Id. at 5.) Defendants contend that therefore, plaintiff had a full and fair opportunity to litigate his First Amendment retaliation and Due

---

[2] Citation to this unpublished memorandum of the Ninth Circuit issued prior to January 1, 2007, is not authorized and is, in fact, prohibited by Ninth Circuit Rule 36-3. Accordingly, defendants' citation to this unpublished authority will be disregarded by the court in considering the pending motion.

1  Process claims in his state habeas proceedings.  (Id.)  Finally, defendants argue that the third
2  prong of the test for collateral estoppel under California law is satisfied here because it cannot be
3  disputed that plaintiff filed both his state habeas petitions and this lawsuit.  (Id. at 4.)
4         In support of their motion defendants have submitted several documents for this
5  court's consideration, including a copy of the habeas petition plaintiff filed with the Amador
6  County Superior Court, the informal response submitted by the Attorney General's Office to that
7  petition, the reply filed by plaintiff and the Amador County Superior Court's order denying the
8  petition. (Req. for Judicial Notice, Exs. A & B[3] (Doc. No. 13).)  Defendants note that in denying
9  habeas relief the Amador County Superior Court explained petitioner's burden to state a prima
10 facie case for relief, concluded that petitioner had failed to meet that burden and therefore denied
11 him habeas relief.  (MTD at 5.)

## PLAINTIFF'S OPPOSITION

13        In opposing defendants' motion to dismiss, plaintiff advances two arguments.
14 First, plaintiff contends that the denial of his state habeas petition does not bar this § 1983 action
15 because the remedy sought in the two actions is different.  Specifically, plaintiff notes that
16 through this civil rights action he is seeking monetary damages, a remedy unavailable in the state
17 habeas action he pursued before the Amador County Superior County.  Second, while plaintiff
18 agrees that his state habeas petition raised the same claims presented in this federal civil rights
19 action, he argues that the Amador County Superior County did not issue a ruling on the merits of
20 those claims.  Rather, plaintiff contends, he was denied habeas relief in state court only because

---

[3] To the extent that defendants seek judicial notice of court records of the Amador County Superior Court, the request will be granted.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (9th Cir. 1979) (holding that the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

he failed to allege sufficient facts in his petition to state a prima facie case for habeas relief.

**LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION TO DISMISS**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Thus, the court may dismiss a complaint or any claim within it as frivolous where the claim is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The critical inquiry is whether a claim, even if inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984). As the Supreme Court has explained, in order to state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In determining whether a complaint states a claim, the court accepts as true the material allegations in the complaint and construes those allegations, as well as the reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1989). For purposes of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court may disregard allegations in the complaint that are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). In addition, the court need

1  not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of
2  fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
3        A motion to dismiss on the basis of res judicata or collateral estoppel may
4  properly be brought under Rule 12(b)(6).  See Neitzke v. Williams, 490 U.S. 319, 328 (1989)
5  ("When a complaint raises an arguable question of law which the district court ultimately finds
6  is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate[.]");
7  see also Day v. Moscow, 955 F.2d 807, 811 (2nd Cir. 1992) (concluding that, although generally
8  an affirmative defense, res judicata may be raised in a Rule 12(b)(6) motion "when all relevant
9  facts are shown by the court's own records, of which the court takes notice"); Scott v. Kuhlmann,
10 746 F.2d 1377, 1378 (9th Cir. 1984) (affirming the district court's dismissal of complaint
11 pursuant to Rule 12(b)(6) on res judicata grounds).

## RES JUDICATA/COLLATERAL ESTOPPEL[4]

13       "A fundamental precept of common-law adjudication, embodied in the related
14 doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in
15 issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a
16 subsequent suit between the same parties or their privies." Montana v. United States, 440 U.S.
17 147, 153 (1979).  Federal courts "are required to give state court judgments the preclusive effect
18 they would be given by another court of that state." Brodheim v. Cry, 584 F.3d 1262, 1268 (9th
19 Cir. 2009) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84 (1984)).  T he
20 doctrines of collateral estoppel and res judicata apply in § 1983 action such as this one when the
21 constitutional claim is based on the same alleged act or omission that was the subject of a state
22 court action and the state courts would give preclusive effect to the judgment entered in that

---

[4] To avoid confusion, the United States Supreme Court utilizes the terms "claim preclusion" and "issue preclusion" rather than "res judicata" and "collateral estoppel." Jackson v. GlzxoSmithKline, Inc., 166 Cal. App. 4th 1497, 1507 n.5 (2008) (citing Taylor v. Sturgell, 553 U.S. 880, 892 (2008)). "However, California usage . . . is to use the term 'collateral estoppel' to refer to issue preclusion and 'res judicata' to refer to claim preclusion." Id.

1  action.⁵  Migra, 465 U.S. at 8; Allen v. McCurry, 449 U.S. 90, 104-05 (1980); Valley Wood
2  Preserving, Inc. v. Paul, 785 F.2d 751, 753 (9th Cir. 1986).
3        Pursuant to these principles, a judgment in a state habeas action may preclude
4  further litigation of issues in a federal civil rights action.  Hawkins v. Risley, 984 F.2d 321, 323
5  (9th Cir. 1993) (holding that a federal habeas decision may have preclusive effect on a
6  subsequent § 1983 action); Silverton v. Department Of The Treasury, 644 F.2d 1341, 1346-47
7  (9th Cir. 1981) (holding that "because of the nature of a state habeas proceeding, a decision
8  actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983
9  action if the state habeas court afforded a full and fair opportunity for the issue to be heard and
10 determined[.]"); Sperl v. Deukmejian, 642 F.2d 1154, 1155 (9th Cir. 1981) (concluding that a §
11 1983 claim was properly dismissed because the claim at issue was tried and rejected in state
12 habeas corpus proceedings and '[t]he doctrine of collateral estoppel therefore precludes
13 reconsideration of the issue in a federal civil rights action, even when federal habeas corpus relief
14 is not available."); Clement v. California Dept. of Corrections, 220 F. Supp. 2d 1098, 1108 (N.D.
15 Cal 2002) (state court's denial of prior habeas petition presenting the same claim without holding
16 an evidentiary hearing precluded subsequent federal civil rights action); Dunn v. Cate, No. CV-
17 08-0873-NVW, 2010 WL 148197, at *4 (E.D. Cal. Jan 12, 2010) ("A decision actually rendered
18 in a California state habeas court action precludes an identical issue from being relitigated in a
19 subsequent section 1983 action if the state habeas court afforded a full and fair opportunity for
20 the issue to be heard and determined under federal standards.")
21       Under California law, res judicata or claim preclusion bars a second lawsuit
22 between the same parties on the same cause of action.  People v. Barragan, 32 Cal.4th 236, 252
23 (2004).  Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually

---

⁵ "Whether a prior state court judgment bars litigation of a § 1983 claim depends on the preclusion rules of the state, not those of the federal courts." Piatt v. MacDougall, 773 F.2d 1032, 1034 (9th Cir. 1985) (en banc) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)).

litigated and determined in the first action. 32 Cal.4th at 252-53.[6]  The elements for applying either claim preclusion or issue preclusion to a second action are the same: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." Id. at 253 (internal quotations omitted).  See also People v. Sims, 32 Cal.3d 468, 484 (1982); San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009).[7]

## ANALYSIS

The court begins by addressing plaintiff's argument that claim preclusion does not apply in this case because he sought different remedies in his prior state habeas action than he seeks in this § 1983 action.  In advancing this argument, plaintiff relies on the decision in Burgos

---

[6] Defendants' motion confuses the res judicata and collateral estoppel doctrines.  In this regard, defendants argue that the "issues" raised in the state habeas action are the same issues in this civil rights action and that "[i]ssue [p]reclusion" should bar this action. (MTD at 1 & 3.)  However, defendants have not identified the factual issues that are allegedly subject to collateral estoppel bar.  See Younan v. Caruso, 51 Cal. App. 4th 401, 412 (1996) (holding that factual determinations made in state court proceedings are given collateral estoppel effect in the federal actions).  Instead, defendants argue in conclusory fashion that plaintiff's retaliation and due process claims should be precluded.

[7] Similarly, under California law a final judgment "precludes further proceedings if they are based on the same cause of action." Maldonado v. Harris, 370 F.3d 945, 952 (9th Cir. 2004), cert. denied 544 U.S. 968 (2005).  Unlike the federal courts, which apply a "transactional nucleus of facts" test, "California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." Id.  Under this theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003) (citing Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal. App.4th 1053, 1065 (1998)).  See also Maldonado, 370 F.3d at 952.  "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal. App.3d 1170, 1174 (1983).  So long as the same primary right is involved in the two actions, judgment in the first bars subsequent consideration of all matters that were raised or could have been raised in the first action. Id. at 1175.

v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (concluding that under New York law, res judicata does not bar an action presenting the same claim where "the initial forum did not have the power to award the full measure of relief sought in the later litigation.")  However, this out-of-circuit authority is not persuasive because the Ninth Circuit, by which this court is bound, has held otherwise.  Hawkins, 984 F.2d at 325 (rejection of same claims in habeas action precludes § 1983 action even though plaintiff-petitioner sought different relief in the two actions); Silverton, 644 F.2d at 1347 (concluding that a decision rendered in a habeas action should preclude the identical issue from being relitigated in a § 1983 action because the "mere difference in the form of relief" sought in the two actions "is unimportant"); see also Taylor v. Grannis, No. C 07-6380 MHP (pr), 2010 WL 4392578 at *4 (N.D. Cal. Oct. 29, 2010) (applying California law in finding a civil rights action barred, observing that "[t]he fact that the earlier litigation was a state habeas proceeding does not exempt the case from the principles of res judicata . . . . The fact that damages may have been unavailable in the state habeas proceeding does not matter."); Morales v. Pelican Bay State Prison, No. C 06-4175 PJH (PR), 2010 WL 3769385, at *2 (N.D. Cal. Sept. 21, 2010) (same); Duran v. Dovey, No. CIV S-06-2876 GEB KJM P, 2008 WL 2561159, at *2 (E.D. Cal. June 24, 2008) ("While some of the remedies plaintiff seeks in this action are unique to his current claim, such as monetary damages, the nature of the relief sought does not change the underlying commonality of the current § 1983 claim and the unsuccessful state habeas claim.").

        Plaintiff's argument that the Amador County Superior Court's denial of habeas relief was not on the merits is, likewise, unpersuasive.  As noted above, petitioner presented the same claims which he seeks to raise before this court in his state habeas petition.  Respondent filed an informal response to that petition in which it was argued that petitioner had no evidence that the prison officials who had increased his classification score and authorized his transfer had done so with a retaliatory motive or animus. (Doc. No. 13-1 at 16 of 73.)  Respondent argued that, therefore, petitioner could not carry his burden of showing retaliation by a preponderance of

the evidence. (Id.) Petitioner then filed an informal reply to the informal response in which he addressed respondent's argument. After considering the petition, the informal response and the informal reply, the Amador County Superior Court issued a written order denying petitioner habeas relief with respect to his claims, concluding that he had failed to meet his burden of demonstrating a prima facie case for relief. (Id. at 3 of 73.)

Under California law, the Superior Court's order denying plaintiff's petition for writ of habeas corpus was a judgment on the merits. Colon v. Sullivan, No. 1:07-cv-01023-AWI-GBC PC, 2010 WL 4623937, at *3 (E.D. Cal. Nov. 4, 2010) (finding that the state court's denial of habeas relief on the grounds that the petitioner-plaintiff had failed to allege facts stating a cognizable habeas claim was a judgment on the merits precluding subsequent litigation of the same claim in a federal civil rights action); Morales, 2010 WL 3769385, at *2 (Superior Court's denial of habeas petition for failure to establish sufficient grounds upon which relief may be granted and California Court of Appeals summary denial of subsequent habeas petition were both decisions on the merits for purposes of claim preclusion); Johnson v. Flores, No. C 05-1628 SI (PR), 2009 WL 606263, at *7 (N.D. Cal. Mar. 9, 2009) (The granting of defendant's demurrer on the grounds that plaintiff's complaint failed to state sufficient facts to constitute cognizable causes of action, followed by dismissal when plaintiff failed to amend his complaint was a decision on the merits that was entitled to preclusive effect.); see also Lucido v. Superior Court, 51 Cal. 3d 335, 341-42 & n.2 (1990); Olwell v. Hopkins, 28 Cal. 2d 147, 149-50 (1946) (dismissal was a final judgment on the merits precluding further litigation of the claim); Kanarek v. Bugliosi, 108 Cal. App. 3d 327, 334 (1980) (demurrer sustained for failure of the facts alleged to state a cognizable cause of action found to be a judgment on the merits); Sterling v. Galen, 242 Cal. App. 2d 178, 182-83 (1966) (judgment of dismissal given res judicata effect).

Here, all of the requirements for application of claim preclusion under California law have been satisfied. Moreover, given the decision issued by the Amador County Superior Court following consideration of the complete briefing of the parties and the summary denials of

habeas relief issued by the California Court of Appeals and California Supreme Court, plaintiff was afforded a full and fair opportunity for the issues to be heard and determined. See Silverton, 644 F.2d at 1347; Taylor, 2010 WL 4392578 at *4. Accordingly, the claim presented in this civil rights action is barred by claim preclusion and defendants' motion to dismiss should be granted.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case be randomly assigned to a District Judge; and

2. Defendants' March 8, 2010 request for judicial notice (Doc. No. 13) is granted as to the records of the Amador County Superior Court. Judicial notice of the other records referred to is denied as unnecessary.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendants' March 8, 2010 motion to dismiss (Doc. No. 12) be granted;

2. That this action be dismissed with prejudice as barred by claim preclusion; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
woo1707.mtd2